UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE DEVLIN,

v.                          Case No. 8:17-cr-372-VMC-TGW
                                     8:21-cv-2173-VMC-TGW

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter comes before the Court upon consideration of Tyrone Devlin's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 218), filed on September 3, 2021. The United States of America responded on October 14, 2021. (Civ. Doc. # 4). Devlin did not file a reply. For the reasons set forth below, the Motion is denied.

**I.    Background**

On July 26, 2017, a federal grand jury indicted Devlin and a co-defendant, Marquis Thornton, with one count of conspiracy to defraud the United States by filing fraudulent income tax returns (Count One); one count of theft of government property (Count Two); one count of access device fraud (Count Three); and one count of aggravated identity theft (Count Four). (Crim. Doc. # 1). In March 2018, Devlin

pled guilty to all four counts without a written plea agreement. (Crim. Doc. ## 110-12).

In preparing Devlin's Presentence Investigation Report (PSR), the Probation Office calculated a total offense level of 23 and a criminal history category of VI, yielding an advisory guidelines range of 92 to 115 months' imprisonment, plus a statutory mandatory term of two years' imprisonment with respect to Count Four. (Crim. Doc. ## 135-36).

On June 28, 2018, this Court sentenced Devlin to a total term of 116 months in prison, consisting of 60 months as to Count One, 92 months on each of Counts Two and Three, to run concurrently, and 24 months as to Count Four, to run consecutively to all other counts. (Crim. Doc. ## 141, 144).

Devlin filed a direct appeal of his sentence and, in April 2019, the Eleventh Circuit Court of Appeals issued a decision affirming in part and vacating and remanding in part. (Crim. Doc. # 178). Specifically, the Eleventh Circuit held that this Court did not err by considering hearsay statements from Devlin's co-conspirator, Thornton, at the sentencing hearing. (Id. at 5). It also upheld this Court's determination that Devlin was responsible for the intended loss of over $2 million. (Id. at 8). However, the Eleventh Circuit agreed with Devlin that use of the guideline applicable to

2

aggravated-identity-theft offenses, U.S.S.G. § 2B1.6, precluded the Court's application of a sentencing enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i). (Id. at 8-10). Because this was impermissible double counting, the Eleventh Circuit vacated on that issue and remanded so that Devlin may be resentenced without the enhancement. (Id. at 10).

Accordingly, this Court resentenced Devlin on August 8, 2019. (Crim. Doc. # 203). On remand, while this Court did not impose a sentencing enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i)[1], it did apply — at the government's request — a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(B)(i).[2] (Crim. Doc. # 210 at 32). Consequently, Devlin's advisory guidelines range was unchanged and this Court again sentenced Devlin to 116 months' total imprisonment, consisting of the same terms of imprisonment as its previous sentence. (Crim. Doc. # 204).

Devlin once again appealed, arguing that the Court had exceeded the scope of its mandate on remand by applying this

---

[1] This subsection provides a two-level enhancement if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification."

[2] This subsection provides a two-level enhancement if the offense involved "the production or trafficking of any unauthorized access device."

new sentencing enhancement, but this time the Eleventh Circuit affirmed Devlin's sentence. (Crim. Doc. # 216). The Eleventh Circuit held that, even assuming the Court had violated the mandate, any error was harmless because this Court explained at resentencing that, based on the 18 U.S.C. § 3553(a) factors, it would have imposed the same exact same sentence regardless of the new enhancement. (Id. at 46-48).

On September 3, 2021, Devlin filed the instant Section 2255 Motion. The government has responded, and the Motion is ripe for review.

## II.  Discussion

In his Motion, Devlin advances five grounds for post-conviction relief. (Civ. Doc. # 1 at 2-8). Devlin bears the burden of proving he is entitled to relief under Section 2255. See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015) ("Rivers bears the burden to prove the claims in his [Section] 2255 motion.").

### A.  Ground One

First, Devlin argues that his trial counsel was ineffective for failing to file a motion to suppress evidence obtained pursuant to an allegedly illegal search and seizure. (Civ. Doc. # 1 at 2-3). Devlin maintains that, prior to his guilty plea, he asked his trial counsel to file a suppression

motion with respect to evidence seized during the search of a hotel room. (Id.). Counsel allegedly refused to file a "frivolous" motion and advised Devlin to plead guilty. (Id.). Devlin claims that, but for the advice of his counsel, he would have pursued a motion to suppress and gone to trial. (Id.).

According to the amended PSR, law enforcement officers located Devlin and his co-conspirators at a La Quinta Inn in Tampa, Florida, in April 2012. (Crim. Doc. # 196 at ¶ 15). Officers, without a warrant, searched the hotel room and found: (1) nearly 2,000 pieces of stolen Personal Identity Information; (2) laptop computers used by the conspirators to file fraudulent income tax returns; (3) 48 actual debit cards issued in the names of identity theft victims and used as part of the scheme; and (4) documents linking the conspirators to specific identity-theft victims named in the indictment. (Id. at ¶¶ 16-19).

At his change-of-plea hearing on March 26, 2018, Devlin admitted the charges in the indictment and acknowledged that, by pleading guilty, he was giving up numerous rights, including the right to a trial by jury, to call witnesses, and to raise any defenses. (Crim. Doc. # 170). In particular, the Court advised Devlin that a guilty plea would waive "any

claim of an unlawful search and seizure," and Devlin stated that he understood. (Id. at 31).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Devlin must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citations omitted). In other words, Devlin must show that "no competent counsel would have taken the action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal citation and quotation marks omitted). Devlin "must provide factual support for his contentions regarding counsel's performance. . . . Bare, conclusory allegations of ineffective assistance are insufficient[.]" United States v. Rowls, Nos. 4:09-cr-

16-RV-CAS, 4:12-cv-114-RV-CAS, 2013 WL 5781575, at *6 (N.D. Fla. Oct. 25, 2013) (citations omitted).

To satisfy Strickland's second prong — prejudice — Devlin must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[I]f a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component." Ortiz v. United States, Nos. 8:16-cv-1533-VMC-JSS, 8:15-cr-409-VMC-JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

A knowing and voluntary guilty plea "waives all non-jurisdictional challenges to the constitutionality of the conviction," including a claim of pre-plea ineffective assistance of counsel. Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). Thus, to the extent Devlin argues that his trial counsel was ineffective for failing to file a meritorious motion to suppress, he has waived that argument through his knowing and voluntary guilty plea. See Bullard v. Warden, Jenkins Corr. Ctr., 610 F. App'x 821, 824 (11th Cir. 2015) (petitioner waived claim that counsel was ineffective for not filing a motion to suppress where petitioner did not

7

allege that counsel's failure rendered his guilty plea involuntary); Crews v. United States, No. 3:13-cr-230-MMH-MCR, 2018 WL 2298599, at *5 (M.D. Fla. May 21, 2018) (holding that defendant's knowing and voluntary plea waived his later ineffective-assistance claim based on counsel's failure to "follow through" on challenging a search and seizure).

Moreover, Devlin is not entitled to relief because he has failed to meet his burden of establishing either Strickland prong. A petitioner can prove that counsel gave ineffective assistance if his attorney unreasonably failed to move to suppress evidence. See Kimmelman v. Morrison, 477 U.S. 365, 374–75 (1986). To do so, the movant must show three things: (1) that a constitutional violation actually occurred, such that the motion to suppress or objections would have had merit, (2) that it was objectively unreasonable for counsel not to file the motion to suppress, and (3) that there is a reasonable probability the outcome of the case would have been different absent the excludable evidence. See Id. at 375, 382. Here, Devlin has not even attempted to explain why a motion to suppress would have been meritorious, why it was objectively unreasonable for his counsel not to file a motion when it was counsel's opinion that the search was supported by probable cause, or a reasonable probability that

the outcome would be different. While Devlin's pro se Motion is due liberal construction, this Court cannot make Devlin's arguments for him. See Ward v. United States, 154 F.R.D. 291, 293 (M.D. Fla. 1994) ("[T]his Court cannot make Plaintiff's arguments for him.").

Moving on, the Court notes that Devlin claims that, had his counsel filed the motion to suppress, he would have proceeded to trial. In cases where the defendant's ineffective-assistance claim relates to his guilty plea, the prejudice inquiry focuses on whether, if counsel had not performed ineffectively, the defendant still would have pleaded guilty. Davidson v. United States, 138 F. App'x 238, 240 (11th Cir. 2005) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. But, in support of his claim, Devlin has presented the Court with wholly conclusory statements that counsel *should have* filed a motion to suppress, without explaining why the search was illegal, what evidence should have been suppressed, or under what legal precedents the evidence would have been suppressed. Nor has he explained, beyond the most conclusory of allegations, why he would not

9

have pleaded guilty if not for counsel's alleged errors. In fact, he has not presented facts or argument of any kind in support of his claim. Devlin's claim is thus insufficient as a matter of law. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (a movant is not entitled to habeas relief "when his claims are merely conclusory allegations unsupported by specifics" (cleaned up)); Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973) (holding no Section 2255 evidentiary hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

The Court finds that Devlin has not carried his burden of demonstrating a reasonable probability that the outcome of his case would have been different had counsel filed a motion to suppress or had he not pleaded guilty. Accordingly, the Motion is denied as to the first ground. See Hayes v. United States, No. 8:17-cv-609-RAL-AAS, 2017 WL 4476967, at *4 (M.D. Fla. Oct. 6, 2017) (denying a Section 2255 motion based on ineffective assistance of counsel for failure to file a motion to suppress involving guilty plea where "[t]here is no reasonable probability that the outcome of the case would have been different if his counsel had argued to suppress" the evidence at issue).

10

B.  **Ground Two**

Next, Devlin argues that the Court improperly calculated the sentencing guidelines by applying an enhancement that resulted in impermissible "double counting." (Civ. Doc. # 1 at 3-4). Specifically, Devlin takes issue with the two-level enhancement that the Court applied pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims. (Id.); see also (Crim. Doc. # 135 at ¶ 29(c)). Devlin argues that this enhancement was improper because (1) only one victim (the Internal Revenue Service) suffered an actual loss, and (2) U.S.S.G. § 2B1.6 prohibits "enhancements relating to the transfer, possession [or] use of means of identification." (Civ. Doc. # 1 at 3-4).

This claim fails for multiple reasons. First, any direct challenge to Devlin's sentence should have been presented on direct appeal and would be procedurally defaulted now. Under the rule of procedural default, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). A petitioner can avoid a procedural bar by establishing one of two exceptions to the procedural default rule. "Under the

11

first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause . . . if a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. (internal citations omitted). For the reasons detailed below, Devlin has not demonstrated cause and prejudice for his default. And Devlin has not presented any evidence or argument that he is actually innocent.

Second, Devlin's challenge to his sentence is not cognizable on collateral review. "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). When a prisoner, like Devlin, claims that his "sentence was imposed in violation of the Constitution or laws of the United State . . . or is otherwise subject to collateral attack," a court lacks authority to grant relief "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice,'" Id. at 1138 (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). Lesser errors — such as allegations concerning sentencing guidelines calculations

— are not cognizable on collateral review. Id. at 1138–40. "When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." Id. at 1139; see also Reason v. United States, No. 16-14002-CR, 2020 WL 8265798, at *4 (S.D. Fla. Oct. 29, 2020), report and recommendation adopted, No. 2:16-CR-14002, 2021 WL 256376 (S.D. Fla. Jan. 26, 2021) ("[I]t is well settled that a district court lacks authority to review an alleged sentencing error in a [Section] 2255 case unless the claimed error constitutes a fundamental defect that inherently results in a complete miscarriage of justice.").

Finally, reading Devlin's Section 2255 Motion liberally, he argues that his trial counsel and/or appellate counsel was ineffective for failing to raise this argument. Ineffective assistance of counsel may constitute cause to excuse procedural default. Eagle v. Linahan, 279 F.3d 926, 937 (11th Cir. 2001). But his claim fails because counsel is not ineffective for failing to bring a meritless argument. As the Eleventh Circuit has explained:

> Ineffective assistance of counsel may satisfy the cause exception to a procedural bar. In order to do so, however, the claim of ineffective assistance must have merit. To determine whether it does, we must decide whether the arguments the defendant alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal. Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit.

United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted).

As an initial matter, the record reflects that Devlin's trial counsel did raise an objection to the number-of-victims enhancement during Devlin's original sentencing. (Crim. Doc. # 135, PSR Addendum, at 2). Regardless, a failure to raise this argument would not qualify as ineffective assistance because it lacks merit. Under U.S.S.G. § 2B1.1(b)(2)(A)(i), if the offense involved ten or more victims, the offense level is increased by two. "Victim" is defined as "any person who sustained any part of the actual loss" as a result of the offense. U.S.S.G. § 2B1.1, cmt. (n.1). In cases involving means of identification, a victim is further defined as "any individual whose means of identification was used unlawfully or without authority." U.S.S.G. § 2B1.1 cmt. (n.4(E)).

At the original sentencing hearing, the government presented a spreadsheet with more than 400 victims and

14

represented that each of those names was a "separate and unique" victim, all of whom had their Personal Identifying Information used to open a debit card account without their knowledge. (Crim. Doc. # 168 at 99-100). <u>See</u> <u>United States v. Mitchell</u>, 728 F. App'x 953, 956 (11th Cir. 2018) (upholding enhancement, and rejecting argument that AT&T was the only victim, where the names and PINS of more than ten AT&T customers were stolen and used without authorization).

Devlin's "double counting" argument under U.S.S.G. § 2B1.6 is equally meritless. The Eleventh Circuit has found that Section 2B1.6 does not prohibit a sentence enhancement for the number of victims under Section 2B1.1(b)(2). <u>United States v. Ford</u>, 784 F.3d 1386, 1397-98 (11th Cir. 2015). Thus, the enhancement was properly applied, and appellate counsel was not deficient for failing to raise this meritless argument.

Accordingly, the Motion is denied as to the second ground.

### C.   **Ground Three**

Next, Devlin argues that the Court improperly applied a different sentencing enhancement – this time an enhancement under U.S.S.G. § 2B1.1(b)(11)(B)(i). (Civ. Doc. # 1 at 4). This was the enhancement that the Court applied at Devlin's

resentencing. This guideline section provides for a two-level enhancement where the offense involved the "production or trafficking of any unauthorized access device or counterfeit access device." Devlin argues that the government "waived" the ability to raise this enhancement by failing to argue for its application at his original sentencing. (Id.). Further, Devlin argues that the government did not prove at his resentencing the facts necessary to establish this enhancement.

This claim is not cognizable in Devlin's Section 2255 Motion. Sentencing-guidelines errors are generally not cognizable on collateral review. See Spencer, 773 F.3d at 1138. What's more, this claim was or should have been raised in Devlin's second direct appeal. By way of reminder, Devlin appealed after this Court resentenced him. He argued that this Court exceeded the scope of its mandate by applying the Section 2B1.1(b)(11)(B)(i) enhancement. The Eleventh Circuit affirmed the sentence, holding that it need not resolve the question of whether this Court violated the mandate because any error was harmless. (Crim. Doc. # 216 at 4-7). In addition, the Eleventh Circuit stated in a footnote that Devlin had abandoned any argument that this Court's application of the enhancement was substantively

inappropriate. (Id. at 4 n.1). Further, even if he had raised
the issue, the appeals court would have affirmed on the same
harmless-error analysis. (Id.).

Once again, by failing to raise this claim (as he
currently frames it) in his direct appeal, it is procedurally
defaulted. See Nyhuis, 211 F.3d at 1343 ("A rejected claim
does not merit rehearing on a different, but previously
available, legal theory."). And even assuming *arguendo* that
Devlin's appellate counsel was ineffective for failing to
raise it in his brief, Devlin cannot demonstrate prejudice
because the Eleventh Circuit specifically explained that it
would have upheld the sentence. Accordingly, the Motion is
denied as to the third ground.

### D.   **Ground Four**

Next, Devlin argues that the district court "misapplied"
the guidelines by attributing all loss associated with the
conspiracy to him. (Civ. Doc. # 1 at 5-8). He claims that at
least some of this loss amount is attributable to the
conspiracy before he joined it. (Id.).

In Devlin's PSR, Probation held Devlin accountable for
a loss amount of more than $2.5 million. (Crim. Doc. # 135 at
¶ 29(b)). Thus, under U.S.S.G. § 2B1.1(b)(1)(I), the offense
level was increased by 16 levels. (Id.). As the PSR explained,

while the total actual loss amount was less than $500,000, "[d]uring the course of the conspiracy, [Devlin] and others aided in the filing of approximately 453 fraudulent tax returns. The total intended loss amount for the tax fraud conspiracy which Devlin participated in, and as described in the Indictment, was approximately $2,567,696." (Id. at ¶ 20). Devlin objected to the calculation of the loss amount at his original sentencing, but this Court overruled his objection. (Crim. Doc. # 168 at 98-99).

Devlin raised this issue again on direct appeal, arguing that he should have been held accountable only for the amounts he personally obtained. (Doc. # 178 at 7). The Eleventh Circuit rejected this argument because loss amount is based on "relevant conduct," which includes not only Devlin's own actions but also the actions of others that are "reasonably foreseeable and in furtherance of the jointly undertaken criminal activity" under U.S.S.G. § 1B1.3(a). (Id.). It held that this Court did not err in holding Devlin responsible for an intended loss of more than $2.5 million. (Id. at 8).

Because this argument was raised and rejected on direct appeal, it is due to be denied. "It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence . . . that he already raised and

18

that we rejected in his direct appeal." Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (collecting cases). This is true even where the defendant attempts to relitigate a claim on a different, but previously available, theory. See Nyhuis, 211 F.3d at 1343 ("A rejected claim does not merit rehearing on a different, but previously available, legal theory.").

Accordingly, the Motion is denied as to the fourth ground.

### E.   Ground Five

Finally, Devlin argues that he was denied effective assistance of counsel when his trial counsel "failed to enter into [the] record material facts that would have supported [his] claim that he was not a knowing participant in the conspiracy from start to finish." (Civ. Doc. # 1 at 8). Devlin posits that had his counsel represented at the sentencing hearing that he joined an ongoing conspiracy, he would have received a more lenient sentence. (Id.).

This is pure speculation on Devlin's part, and unsupported conjecture cannot support a Section 2255 motion. See Prada v. United States, 692 F. App'x 572, 574 (11th Cir. 2017) (explaining that speculation is an insufficient basis for Section 2255 relief or an evidentiary hearing). What's

more, this Court was aware of the date Devlin entered the conspiracy but explicitly said at Devlin's resentencing that, pursuant to its review of the Section 3553(a) factors, it would have given him the same sentence regardless. (Crim. Doc. # 210 at 46-48). Thus, Devlin cannot show prejudice under Strickland because there is no indication that, had counsel made this argument, the outcome of Devlin's sentencing would have been different. Therefore, the Motion is denied as to this ground as well.

### III. Evidentiary Hearing

Because the Court is readily able to determine that Devlin's claims lack merit, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (providing that an evidentiary hearing is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

**IV.** **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Devlin has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Devlin to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Devlin shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

Tyrone Devlin's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 218) is **DENIED**. The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of May, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE