UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE DEVLIN,

v.                                    Case No. 8:17-cr-372-VMC-TGW
                                              8:21-cv-2173-VMC-TGW

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter comes before the Court upon consideration of Tyrone Devlin's pro se Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. # 16), filed on February 18, 2026. The United States of America responded on March 16, 2026. (Doc. # 19). The Motion is denied as untimely.

## I.    Background

On September 3, 2021, Mr. Devlin filed his Section 2255 motion. (Doc. # 1). The United States responded on October 14, 2021. (Doc. # 4). The response's certificate of service stated:

> I hereby certify that on October 14, 2021, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:
>
> Tyrone Devlin

1

#T35475
Calhoun Correctional Institution
19562 SE Institutional Dr.
Blountstown, FL 32424

(Id. at 21). Mr. Devlin acknowledges that he was housed at Calhoun Correctional Institution at that time. (Doc. # 15 at 1; Doc. # 16 at 1).

Mr. Devlin never filed a reply. On May 5, 2022, the Court denied Mr. Devlin's Section 2255 motion. (Doc. # 5). Mr. Devlin then filed a notice of appeal (Doc. # 9) and a motion for reconsideration (Doc. # 8), in which he alleged that he never received a copy of the United States' response and for that reason did not reply.

Because Mr. Devlin had filed a notice of appeal alongside his motion for reconsideration, the Court denied the motion for reconsideration and held that the "notice of appeal has divested this Court of jurisdiction." (Doc. # 11). In December 2022, the Eleventh Circuit Court of Appeals denied Mr. Devlin's request for a certificate of appealability "because he [had] failed to make a substantial showing of the denial of a constitutional right." (Doc. # 12).

Years passed. In March 2024, Mr. Devlin filed a notice of inquiry, requesting copies of the documents on the docket

sheet because he did not receive the United States' response. (Doc. # 15).

Almost two years after the notice of inquiry and over three-and-a-half years after the motion for reconsideration and denial of the Section 2255 motion, Mr. Devlin filed the instant Rule 60(b)(4) Motion. (Doc. # 16). The United States has responded (Doc. # 19), and the Motion is ripe for review.

## II.  Discussion

Mr. Devlin has filed his Motion pursuant to Federal Rule of Civil Procedure 60(b)(4). (Doc. # 16 at 1). Rule 60(b)(4) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). He argues the judgment in this case is void because "it was entered in violation of [his] constitutional right to due process." (Doc. # 16 at 1). According to Mr. Devlin, he "never received a copy of the Government's Opposition" to the Section 2255 motion and so was unable to reply. (Id. at 2).

The Court denies Mr. Devlin's Motion as untimely. A motion under Rule 60(b)(4) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1); see Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC, 146

S. Ct. 579, 585 (2026) ("Litigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time."). "What constitutes a 'reasonable time' depends upon the circumstances and facts of each case, including 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'" B.T. by & through Thompson v. Target Corp., No. 17-CIV-60871, 2020 WL 5542066, at *5 (S.D. Fla. Sept. 16, 2020) (quoting BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008)), aff'd sub nom. Thompson v. Target Corp., 861 F. App'x 325 (11th Cir. 2021). "To satisfy the reasonable time requirement, a party generally must exercise diligence." Martin v. State, No. 23-14187, 2026 WL 482266, at *2 (11th Cir. Feb. 20, 2026). "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010).

Mr. Devlin did not file his Motion within a reasonable time. He has been aware of the alleged failure to serve him with the government's response since the middle of 2022 when he was served with the Court's order denying his 2255 motion. Indeed, he raised this issue in a motion for reconsideration he filed on June 1, 2022. (Doc. # 8). Because Mr. Devlin

4

immediately thereafter filed a notice of appeal of the Court's 2255 order (Doc. # 9), the Court denied the motion for reconsideration for lack of jurisdiction. (Doc. # 11). Nevertheless, Mr. Devlin's prior motion for reconsideration establishes that he was aware of the alleged due process issue since mid-2022. Yet, Mr. Devlin waited over three-and-a-half years to file the instant Rule 60(b)(4) Motion. (Doc. # 16).

Even if the Court assumes that the Eleventh Circuit's denial of a certificate of appealability on December 2, 2022 (Doc. # 12), is the date from which Mr. Devlin could have filed his Rule 60(b)(4) Motion, Mr. Devlin still slept on his rights. Counting from December 2, 2022, Mr. Devlin waited three years and two months to seek Rule 60(b)(4) relief. Notably, Mr. Devlin provides no explanation for why he waited so long; instead, he incorrectly asserts that Rule 60(b)(4) motions are not subject to the "reasonable time" requirement and "can be brought at any time." (Doc. # 16 at 2). Considering all the above, Mr. Devlin's delay was not reasonable. See Martin, 2026 WL 482266, at *3 ("The district court properly denied Navarro Martin's Rule 60(b)(4) motion because she waited too long to file it. The court entered the order denying her [habeas] petition in September 2022. But

she did not file the Rule 60(b)(4) motion until December 2023, roughly 15 months later.").

Even aside from the untimeliness, the Court agrees with the United States that "there is a presumption that [Mr. Devlin] received the document, and [Mr. Devlin] has not provided any evidence to rebut that presumption." (Doc. # 19 at 3); see Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address — in which event service is complete upon mailing"); Konst v. Fla. E. Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee."). The certificate of service in the United States' response to the 2255 motion indicates that the United States mailed the response to Mr. Devlin at his last known address, rendering service complete upon mailing and creating a presumption that Mr. Devlin received it.

As the Court has determined that the Motion is due to be denied, no evidentiary hearing will be held.

## III. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Devlin has failed to make a

substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Devlin to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Devlin shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Tyrone Devlin's pro se Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. # 16) is **DENIED** as untimely.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7